UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



| | |
|---|---|
| LINDA KOEHNE, ) | CIV 12-4190 |
| PLAINTIFF, ) | |
| VS ) | **COMPLAINT** |
| HUTCHINSON COUNTY, ) SOUTH DAKOTA, and ) | |
| DEFENDANT. ) | |

## JURISDICTION

(1) This is a retaliation action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

(2) Plaintiff Linda Koehne is an adult female resident of Hutchinson County, South Dakota.

(3) Hutchinson County is an organized county in the state of South Dakota administered and operated by a board of five (5) County Commissioners.

(4) Hutchinson County employed Koehne in July 2008 until March 7, 2012.

(5) Hutchinson County commissioners involved in Koehne's adverse employment actions include Glenn Harnisch, Jerome Hoff, Dallas Laffey and Gillas Stern.

(6) Koehne filed a charge of discrimination with South Dakota Division of Human Rights on March 26, 2012 and received a Determination of Probable Cause on June 25, 2012. The EEOC issued Koehne a Notice of Suit Rights on August 9, 2012.

(7) This Court has jurisdiction over Plaintiff's Title VII gender discrimination claim pursuant to 28 U.S.C. §§ 1331 and 1343(4). Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000-5(f)(3).

## COUNT ONE: GENDER DISCRIMINATION IN EMPLOYMENT
### 42 USCA § 2000e-2(a)

(8) Koehne was originally hired for part-time work by Hutchinson County in July 2008 as a Zoning Administrator, FEMA Administrator and E-911 Coordinator.

(9) The Hutchinson County instructed Koenhe that it had determined that sixteen (16) hours a week was sufficient for her to complete the three jobs she was performing.

(10) At the same time it hired Koenhe, Hutchinson County hired two males in similarly situated part-time administrative positions: the Veterans Affairs and Poor Relief administrator was a male hired for part-time work limited to sixteen (16) hours a week for those two job duties; and the Week Control and Drainage administrator was a male hired for part-time work limited to sixteen hours a week for those two job duties.

(11) One of Koehne's primary job duties was to deal courteously and timely with the public in responding to questions related to building permits, zoning variances and conditional use applications.

(12) The work that Koehne did with regard to zoning permits and variances was regulated by statute and county policy and was often time-sensitive.

(13) Koehne was qualified to perform the necessary duties of her positions.

(14) Koehne was never subject to disciplinary action under Hutchinson County's disciplinary policy.

(15) During the time Koehne worked for Hutchinson County, compliance with the County's zoning rules and regulations was greatly improved and the number of permits, zoning variance requests and conditional use applications more than doubled.

(16) During the time Koehne worked for Hutchinson County, Hutchinson County was informed that the volume of zoning permits work had increased so significantly that Koenhe was often unable to complete all necessary work within the scheduled 16 hours per week.

(17) In 2009, 2010 and 2011, Koehne provided the Hutchinson County commissioners with information and proof of the greatly expanded work load related to zoning in Hutchinson County and her other two job duties. Koehne requested that she be permitted to work up to 24 hours a week when the workload of her position required it.

(18) When the male employee working as the Veterans Affairs and Poor Relief administrator requested additional hours to perform his two job duties, the Hutchinson County commissioners increased his work hours without requiring him to obtain prior approval for work over his scheduled hours per week.

(19) When the male employee working as the Weed Control and Drainage administrator requested additional hours to perform his two job duties, the Hutchinson County commissioners increased his work hours without requiring to obtain prior approval for work over his scheduled hours per week.

(20) Hutchinson County refused to allow Koehne's requests for additional hours and required her to obtain prior written approval from the County Auditor for all hours over her scheduled work hours per week.

(21) In 2011, when the male who was the chairperson of Hutchinson County's Zoning Board formally requested that Koehne's job hours be expanded because of the addition work required to timely perform necessary job duties, Hutchinson County granted Koehne two (2) additional hours per week but still required Koehne to obtain prior written approval from the County Auditor for any hours over 18 hours per week.

(22) Hutchinson County has a written policy which enforces "equal employment opportunity" for women and which prohibits discrimination based upon gender in the terms and conditions of employment.

(22) Beginning in 2010, Koehne and her husband directly complained to the Hutchinson County commission that Koehne was receiving different treatment than its male employees in the terms and conditions of her employment, including that she was subject to a hostile work environment from male employee Tony Dewalt.

(23) Koehne reported that Dewalt hollered at her, demeaned her and refused to perform required computer services on her Zoning administration services computer in order to frustrate her ability to timely complete her job duties.

(24) Dewalt's conduct toward Koehne was a violation of Hutchinson County's disciplinary policy which prohibits an employee from using offensive conduct or language toward a fellow employee.

(25) Hutchinson County responded to Koehne's complaint by moving her out of Dewalt's office and instructed Dewalt to complete Koehne's computer installation, but did not discipline Dewalt for his offensive treatment of Koehne in its workplace.

(26) Hutchinson County intentionally made it difficult and embarrassing for Koehne to obtain written permission for additional work hours as follows:

a) even though Hutchinson County employees have email addresses for work purposes, Koehne was not permitted to request additional hours via email because it was allegedly inconvenient for the County Auditor, who is a niece of the chairman of the Hutchinson County commissioners, to check her email everyday.

b) A special form for Koehne's written permission was developed and Koehne was required to physically find the County Auditor and get the form initialed before she could complete County work; and

c) The County Auditor was permitted to publically berate Koehne and speak to her unprofessionally in violation of Hutchinson County disciplinary policy which prohibits County employees from using offensive conduct or language toward a fellow employee.

(27) Hutchinson County made it so unpleasant and difficult for Koehne to obtain permission for additional work hours that after December 2011, Koehne no longer submitted requests for additional hours and instead performed necessary work for her job without compensation.

(28) Hutchinson County knew that Koehne was being required to work uncompensated hours to timely complete her Zoning job duties.

(29) Hutchinson County's male employees were not subjected to harassment, were not spoken to in terms that violated Hutchinson County's disciplinary policy, were not required to develop special forms or procedures for being paid and were not required to perform uncompensated work for Hutchinson County.

(30) At least two (2) members of the Hutchinson County Planning and Zoning Commission, which relied upon Koehne's work to complete its work, complained to the Hutchinson County commissioners that Koehne was receiving different treatment based upon her gender.

(31) In response to complaints that Koehne was being treated differently in the terms and conditions of her job because of her gender, Hutchinson County commissioner Jerome Hoff publically stated that if all the county employees were men, the county would not have to deal with the personnel problems it had.

(32) In response to complaints that Koehne was being treated differently in the terms and conditions of her job because of her gender, Hutchinson County commissioner Glenn Harnisch told Koehne's husband that Hutchinson County was not going to do anything different and that Koehne would need to get an attorney if she wanted to do anything about her work conditions.

(33) Based on a motion by commissioner Glenn Harnish, Hutchinson County fired Koehne for pretextual reasons that are not documented in her personnel file.

(34) Hutchinson County replaced Koehne with a male employee and reduced his the job duties of the position.

(35) Koehne was subject to a hostile work environment because of her gender.

(36) Koehne was subject to different treatment, discipline and termination as a result of her gender.

(37) But for Hutchinson County's discriminatory treatment, Koehne intended to continue employment with Hutchinson County.

(38) As a result of Hutchinson County's discriminatory treatment, Koehne lost wages, benefits, incurred costs and related expenses as a result of being unemployed, and has suffered humiliation, anxiety and stress.

(39) Hutchinson County's treatment of Koehne was willful, reckless and malicious.

WHEREFORE, Linda Koehne prays for judgment against Hutchinson County as follows:

    a. For a trial by jury on the merits of her claims;

    b. For compensatory damages in such amount as the evidence at trial may show;

    c. For damages, including but not limited to, those damages allowed by 42 U.S.C. §2000e *et seq* and any other pertinent and applicable statute, rule or regulation, whether state or federal.

    d. For punitive damages in such an amount as the evidence at trial may show;

    e. For her costs and disbursements incurred herein, including prejudgment interest and reasonable attorney fees, and for such other and further relief as the Court may deem just.

Dated this 1st day of November, 2012.

JOHNSON POCHOP LAW OFFICE

_____
Stephanie E. Pochop
P.O. Box 149
Gregory, SD 57533
Attorney for Plaintiff Linda Koehne

7